# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRIET MYERS, derivatively on behalf of DEVRY EDUCATION GROUP INC, <br><br> Plaintiff, <br><br> v. <br><br> DANIEL HAMBURGER, TIMOTHY J. WIGGINS, RICHARD M. GUNST, PATRICK K. UNZICKER, CHRISTOPHER B. BEGLEY, DAVID S. BROWN, LISA WARDELL, ANN WEAVER HART, LYLE LOGAN, ALAN G. MERTEN, FERNANDO RUIZ, RONALD L. TAYLOR, and JAMES D. WHITE, <br><br> Defendants, <br><br> and <br><br> DEVRY EDUCATION GROUP INC., <br><br> Nominal Defendant. | ) ) ) ) ) ) ) C.A. No. 1:17-cv-341-RGA ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## STIPULATION AND [PROPOSED] ORDER OF DISMISSAL

WHEREAS, on May 17, 2019, the Court of Chancery of the State of Delaware entered its Final Order and Judgment in the action styled *City of Hialeah Employees Retirement System v. Christopher Begley*, C.A. No. 2017-0463-JTL, a true copy of which is attached hereto as Exhibit A, dismissing with prejudice all claims arising out of the same facts and circumstances alleged in the above-captioned action (the "Action");

NOW THEREFORE, pursuant to Federal Rule of Civil Procedure 41(a) and subject to the approval of the Court, the parties hereby stipulate to the dismissal of the Action with prejudice on the grounds of *res judicata* and estoppel by judgment, with each party to bear its own costs.

Dated: June 12, 2019

OF COUNSEL:

PROMISLOFF LAW, P.C.
David M. Promisloff
5 Great Valley Parkway, Suite 210
Malvern, PA 19355
Phone: (215) 259-5156
Fax: (215) 600-2642

LAW OFFICE OF
ALFRED G. YATES, JR., P.C.
Alfred G. Yates, Jr.
Gerald L. Rutledge
300 Mt. Lebanon Boulevard, Suite 206-B
Pittsburgh, PA 15234-1507
Phone: (412) 391-5164
Fax: (412) 471-1033

RIGRODSKY & LONG, P.A.

By:   */s/ Brian D. Long*
Brian D. Long (#4347)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Phone: (302) 295-5310
Fax: (302) 654-7530
bdl@rl-legal.com

*Attorneys for Plaintiff*

RICHARDS, LAYTON & FINGER, P.A.

By:   */s/ Gregory V. Varallo*
Gregory V. Varallo (#2242)
C. Malcolm Cochran, IV (#2377)
One Rodney Square
920 North King Street
Wilmington, DE 19801
Phone: (302) 651-7700
varallo@rlf.com
cochran@rlf.com

*Attorneys for Defendants*

SO ORDERED, this 12 Day of June, 2019,

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE

2

# EXHIBIT A

EFiled: May 17 2019 11:52AM EDT
Transaction ID 63275686
Case No. 2017-0463-JTL

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| CITY OF HIALEAH EMPLOYEES RETIREMENT SYSTEM, ) ) ) Plaintiff, ) ) v. ) ) CHRISTOPHER BEGLEY, ET AL., ) ) Defendants, ) ) and ) ) ADTALEM GLOBAL EDUCATION, INC., ) ) Nominal Defendant. ) | C.A. No. 2017-0463-JTL |

## ORDER AND FINAL JUDGEMENT

A hearing having been held before this Court on May 17, 2019, pursuant to this Court's Scheduling Order, dated February 26, 2019 (the "Scheduling Order"), and upon a Stipulation and Agreement of Compromise, Settlement and Release, dated February 21, 2019 (the "Stipulation") outlining a Settlement of the above-captioned action (the "Action"), which is incorporated herein by reference, the parties having appeared by their attorneys of record, the Court having heard and considered the submissions and evidence presented in support of the proposed Settlement, the application for an award of attorneys' fees, expenses, and the opportunity to be heard having been given to all other persons requesting to be heard

in accordance with the Scheduling Order, the Court having determined that Notice was adequate and sufficient, and the entire matter of the proposed Settlement having been heard and considered by the Court;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, this 17 day of May, 2019, as follows:

1. Unless otherwise defined herein, all defined terms shall have the meanings as set forth in the Stipulation and the Scheduling Order.

2. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement of the Action, as well as personal jurisdiction over all of the Parties and each Adtalem Stockholder, and it is further determined that Plaintiff, Defendants, Adtalem, its stockholders, as well as their transferees, heirs, executors, successors, and assigns, are bound by this Order and Final Judgment (the "Judgment").

3. The Notice has been given to all holders of shares of Adtalem common stock as of February 21, 2019, pursuant to and in the manner directed by the Scheduling Order, proof of dissemination of the Notice was filed with the Court and full opportunity to be heard has been offered to all parties, Adtalem Stockholders, and persons in interest. The Court finds that the form and means of the Notice was the best notice practicable under the circumstances and was given in full compliance

with the requirements of Court of Chancery Rule 23.1 and due process of law, and that all stockholders of Adtalem are bound by this Judgment.

4.  The Court finds that Plaintiff in the Action has held stock in the Company since the time of the conduct complained of in the Action, otherwise has standing to prosecute the Action, and is an adequate representative of all stockholders of Adtalem.

5.  Based on the record in the Action, each of the provisions of Court of Chancery Rule 23.1 has been satisfied and the Action has been properly maintained according to the provisions of Court of Chancery Rule 23.1.

6.  The Court finds that the Settlement is fair, reasonable, adequate, and in the best interests of Adtalem and its stockholders.

7.  Pursuant to Court of Chancery Rule 23.1, this Court approves the Settlement in all respects, and the parties are directed to consummate the Settlement in accordance with the terms of the Stipulation. The Register in Chancery is directed to enter and docket this Judgment.

8.  The Action is hereby dismissed with prejudice as to all Individual Defendants and as to Adtalem, and against Plaintiff, and all Adtalem Stockholders. As between Plaintiff and Defendants, the parties are to bear their own costs, except as otherwise provided in paragraph 12 below or as otherwise provided in the Stipulation and the Scheduling Order.

9.      Upon entry of this Judgment, all claims for damages, injunctive relief or any other remedies, and all causes of action, demands or liabilities, that have been, could have been or in the future can or might be asserted by (1) Plaintiff (derivatively); (2) Adtalem, on behalf of Adtalem or any of its predecessors, successors, affiliates, parents, or direct or indirect subsidiaries; or (3) any Adtalem Stockholder (as that term is defined herein) but solely on behalf of or derivatively on behalf of Adtalem (and not in any individual capacity) ("Releasing Persons"), in the Action or any other court or proceeding (whether based on state, local, federal or foreign law, statute, regulation or common law) against any of the Defendants or any of their respective past or present family members, spouses, heirs, trusts, trustees, estates, executors, representatives, administrators, beneficiaries, foundations, parents, subsidiaries, successors, predecessors, assigns, principals, directors, officers, employees, attorneys, insurers, co-insurers, reinsurers, consultants or agents (collectively, the "Released Persons"), and that are based upon, arise out of or relate in any way to the subject matter of the Action, including but not limited to (i) allegations that the 15% and 90% Representations were false and/or misleading; (ii) allegations that the Individual Defendants knew that the 15% and 90% Representations were false and/or misleading; and (iii) allegations that the Individual Defendants consciously chose to implement a knowingly false or misleading advertising campaign or permitted false or misleading advertising

materials to be disseminated, for the purpose of attracting students, shall be fully, finally and forever released, relinquished, settled, extinguished, discharged and dismissed with prejudice (the "Released Claims"). The Released Claims shall not include any claims to enforce the Settlement or this Stipulation, or any non-derivative claims asserted in the action in the United States District Court for the Northern District of Illinois, styled *Pension Trust Fund for Operating Engineers v. DeVry Education Group*, No. 1:16-CV-05198 (N.D. Ill. 2016).

10. Upon entry of this Judgment, all claims for damages, injunctive relief or any other remedies against Plaintiff, its attorneys and its respective past or present predecessors, successors, parents, subsidiaries, assigns, principals, directors, officers, employees, insurers, co-insurers, reinsurers, consultants, affiliates and agents which have been, could have been or in the future can or might be asserted by Defendants based upon, arising out of or related to the initiation, prosecution or settlement of the Action, shall be fully, finally and forever released, relinquished, settled, extinguished, discharged and dismissed with prejudice ("Released Defendants' Claims"); provided, however, that the Released Defendants' Claims shall not include any claims to enforce the Settlement or the Stipulation.

11. Neither this Order and Final Judgment, the Settlement, nor any act or omission in connection therewith shall be deemed or argued to be evidence of or to constitute a presumption, concession or admission by Defendants of any breach of

duty, liability, fault or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any other actions or proceedings, and shall not be interpreted, construed, deemed, invoked, offered, received in evidence or otherwise used in the Action or any other action or proceeding of any nature whatsoever except to enforce the Stipulation and Settlement. Neither the existence of the Settlement, the Stipulation nor any provisions contained therein shall be deemed a presumption, concession or admission by Plaintiff that this Action lacks merit.

12. Plaintiff's counsel are hereby awarded attorneys' fees in the amount of $2.8 million inclusive of expenses, which amount the Court finds to be fair and reasonable and which shall be paid to Rosenthal, Monhait & Goddess, P.A. on behalf of their firm and Bernstein Liebhard LLP in accordance with the Stipulation.

13. Seventy-five Thousand Dollars ($75,000) of the amount of the fee awarded pursuant to paragraph 12 above will be paid following dismissal by Plaintiff's counsel to Promisloff Law, P.C., which is counsel in a federal derivative action entitled *Myers v. Hamburger*, No. 1:17-cv-00341 (D. Del. 2017).

14. The effectiveness of the Order and Final Judgment and the obligations of Plaintiff, Plaintiff's counsel and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal that relates solely to the issue of Plaintiff's or Plaintiff's counsel's application for an award of attorneys' fees and expenses or incentive awards for Plaintiff.

15. The Court further orders, adjudges and decrees that all other relief be, and is hereby, denied, and that this Order and Final Judgment disposes of all the claims and all the parties in the above-styled and numbered action.

_____
Vice Chancellor J. Travis Laster